| STATE OF INDIANA | ) | ST. JOSEPH COUNTY SUPERIOR COURT |
|---|---|---|
| | ) SS: | CIVIL DIVISION |
| COUNTY OF ST. JOSEPH | ) | CAUSE NO.: **71D05-2106-CT-000222** |

JAMES BROWN, on behalf of himself )
and all others similarly situated, )
                Plaintiff )
        v )
WELLPET LLC )
                Defendant )

## CLASS ACTION COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, James Brown, individually and on behalf of the proposed Class, by counsel, and for his Complaint against Defendant WellPet LLC alleges and states as follows:

### INTRODUCTION

1. The Plaintiff brings this class action against WellPet LLC (the "**Defendant**") in relation to its ownership and operation of a pet food manufacturing facility located at 1011 W 11th Street, City of Mishawaka, County of St. Joseph, State of Indiana (the "**Facility**").

2. Through the Defendant's operation and maintenance of the Facility, it wrongfully and tortiously releases substantial and unreasonable noxious orders that invade the Plaintiff's and putative Class' properties, causing damages through private nuisance, public nuisance, and negligence.

### PARTIES

3. Plaintiff James Brown resides at a home located at 334 W 6th Street, City of Mishawaka, County of St. Joseph, State of Indiana.

1

4. Defendant WellPet LLC is a Delaware corporation with its headquarters at 200 Ames Pond Drive, City of Tewksbury, Commonwealth of Massachusetts, and its principal place of business at 1011 W 11th Street, City of Mishawaka, County of St. Joseph, State of Indiana. It owns and/or operates the Facility.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over this matter because the Defendant is a resident of the State of Indiana, it does substantial business in the State of Indiana, and it caused property damage in the State of Indiana, as alleged herein.

6. Pursuant to Indiana Trial Rule 75, venue is proper in St. Joseph County because the Plaintiff's claims arise from events that occurred in St. Joseph County, the Plaintiff's injuries relate to land located in St. Joseph County, and the Defendant's principal place of business is in St. Joseph County.

## GENERAL ALLEGATIONS

7. The Defendant, its predecessors, and/or its agents constructed or directed the construction of the Facility.

8. The Defendant exercises ownership and control of the Facility, which is on a large plot surrounded by residential properties.

9. The Plaintiff and the putative Class ("Class" defined below) reside within 1 mile of the Facility's property boundary (the "**Class Area**").

10. The Plaintiff's and putative Class' properties have been, and continue to be, physically invaded by fugitive noxious odors emitted from the Facility.

*The Defendant's Fugitive Emissions*

11. The Facility manufactures dog and cat food using a variety of odorous ingredients, including fish and other animal byproducts.

12. During the manufacturing process, these ingredients are combined and cooked, and the resultant noxious odors are vented from the Facility via steam stacks.

13. A properly designed, operated, and maintained pet food manufacturing facility will adequately capture, process, and destroy noxious odors and prevent them from escaping into the ambient air as fugitive emissions.

14. The Defendant is required to control noxious odor emissions by, among other things, operating its Facility in a manner that adequately captures, controls, and mitigates odor emissions so as to prevent them from escaping into the ambient air surrounding the Facility, and by implementing other reasonably available odor mitigation, elimination, and control systems at the Facility.

15. The Defendant has failed to use adequate odor mitigation strategies, processes, technologies, and equipment to control noxious odor emissions from the Facility and prevent those odors from invading the homes and properties of the Plaintiff and putative Class.

16. The Defendant's failures to prevent off-site emissions include, but are not limited to:

   a) Failing to install, maintain, and operate an adequate odor control system;

   b) Failing to utilize appropriate steam stacks;

   c) Insufficient monitoring of the Facility; and

   d) Improperly managing raw ingredients and byproducts.

*Impact of the Defendant's Emissions on the Plaintiff and Class*

17. The Facility and its noxious emissions have been the subject of frequent complaints by citizens in the nearby residential area.

18. Noxious odor emissions from the Facility have interfered with activities in the surrounding areas, and they have precluded the reasonable use and enjoyment of private and public spaces in those areas.

19. More than 50 households within the proposed Class Area have contacted Plaintiff's counsel in relation to noxious odors originating from the Facility.

20. Plaintiff James Brown reported that the Facility's odors are "a very nasty trashy smell that makes you want to vomit. Can't open windows or enjoy our own backyard in summer because [of] the smell".

21. Below is a small sample of what members of the putative Class have conveyed to Plaintiff's counsel:

   a) Putative Class member Linda Carey reported that, due to the odors, she "can't open windows, can't sit outside, daughter has to call before coming over or grandson will puke, can't enjoy pool".

   b) Putative Class members Ryan and Tammy Dustin reported that the odors are ongoing and they "can't have events like b-day parties because people can't stand the smell". They "want to move because it stinks".

   c) Putative Class member Mary Kindler reported that the "smell is so bad it makes my family sick".

   d) Putative Class member Jerry Rich reported that he has to "keep windows closed and can't enjoy [his] pool or cookouts with that stink! You can smell the facility driving down the streets".

   e) Putative Class members Doug Waggoner and Jesse Franklin reported that on "nice days when we want to have our windows open and play outside with the kids, we can't. The odor is so strong we worry how we will sell our home when the time comes".

### *Facility Complaints and Inspections*

22. The Defendant's well-documented pattern of failing to control the Facility's offensive emissions is further demonstrated by the following:

   a) Numerous resident complaints to various agencies including, but not limited to, the Indiana Department of Environmental Management (the "**IDEM**") about odors attributed to the Facility;

   b) Mishawaka Common Council meetings regarding the Facility's odors; and

   c) There have been multiple media reports regarding the Facility's emission of noxious odors.

### *Facility Emissions and Defendant's Liability*

23. The Facility has emitted, and continues to emit, preventable noxious odors that are noticeable beyond the bounds of its property.

24. The noxious odors are offensive to the Plaintiff and putative Class Members and would be offensive to reasonable people of ordinary health and sensibilities.

25. The noxious odors have caused property damage and substantially interfered with the abilities of the Plaintiff and the putative Class to reasonably use and enjoy their homes and properties.

26. The invasion of the Plaintiff's and putative Class' properties by the noxious odors has reduced the value of those properties.

27. The Plaintiff and the putative Class are a limited subset of individuals in St. Joseph County and the Class Area, which includes only owners/occupants and renters of residential properties who live within the Class Area and fit within the Class definition.

28. Members of the public including, but not limited to, businesses, employees, commuters, tourists, visitors, minors, customers, clients, students, and patients have been harmed by the fugitive noxious odors emitted from the Facility into public spaces. However, unlike the

Plaintiff and the putative Class, members of the public who are outside of the Class definition have not suffered damages in the form of diminished property values and/or the loss of use and enjoyment of their private property.

29. The Defendant knew about its substantial noxious odor emissions through numerous complaints, discussions with the Mishawaka Common Council, and significant media attention throughout St. Joseph County.

30. The Defendant intentionally, knowingly, willfully, recklessly, and/or negligently failed to properly construct, maintain, and/or operate the Facility. The Defendant caused a physical invasion of the Plaintiff's and putative Class' properties by noxious odors on frequent, intermittent, and reoccurring occasions too numerous to list individually.

31. The Defendant is vicariously liable for all damages suffered by the Plaintiff and the putative Class that were caused by the Defendant's employees, representatives, and agents, who, in the course and scope of their employment, created, allowed, or failed to correct the deficiencies which caused noxious odors to physically invade the Plaintiff's and putative Class' properties.

## CLASS ALLEGATIONS

### A. Definition of the Class

32. The Plaintiff brings this action individually and on behalf of all persons that the Court may determine to be appropriate for class certification, pursuant to Indiana Trial Rule 23 (the "**Class**" or "**Class Members**"). The Plaintiff seeks to represent a Class of persons preliminarily defined as:

> **All owners/occupants and renters of residential property within one mile (1.0) of the Facility property boundary.**

The definitional Class boundary is subject to modification as discovery discloses the location of all persons properly included in the Class. The Plaintiff reserves the right to propose one or more sub-classes if discovery reveals that such sub-classes are appropriate.

6

33. This case is properly maintainable as a class action pursuant to and in accordance with Indiana Trial Rule 23 in that:

   a) The Class, which includes thousands of members, is so numerous that joinder of all members is impracticable;

   b) There are substantial questions of law and fact common to the Class, including those set forth in greater particularity herein;

   c) Questions of law and fact, such as those enumerated below, which are all common to the Class, predominate over any questions of law or fact affecting only individual members of the Class;

   d) The claims of the representative parties are typical of the claims of the Class;

   e) A class action provides a fair and efficient method for adjudication of the controversy;

   f) The relief sought in this class action will effectively and efficiently provide relief to all members of the Class;

   g) There are no unusual difficulties foreseen in the management of this class action; and

   h) The Plaintiff, whose claims are typical of those of the Class, through his experienced counsel, will zealously and adequately represent the Class.

**B. Numerosity**

34. There are approximately 4,000 separate residences within the Class Area. Accordingly, the members of the Class are so numerous that joinder of all parties is clearly impracticable.

35. The prosecution of separate lawsuits by Class Members would risk inconsistent or varying adjudications. Class-wide adjudication of these claims is, therefore, appropriate.

7

**C. Commonality**

36. Numerous common questions of law and fact predominate over any individual questions affecting Class Members, including, but not limited to the following:

    a) Whether and how the Defendant wrongfully, intentionally, knowingly, recklessly, and/or negligently failed to maintain and operate the Facility, causing noxious odors to invade their properties;

    b) Whether the Defendant owed any duties to the Class Members;

    c) Which duties the Defendant owed to the Class Members;

    d) Which steps the Defendant has and has not taken in order to control the emission of noxious odors through the maintenance and operation of the Facility;

    e) Whether and to what extent the Facility's noxious odors were dispersed over the Class Area;

    f) Whether it was reasonably foreseeable that the Defendant's failure to properly maintain and operate the Facility would result in an invasion of the Class Members' property interests;

    g) Whether the degree of harm suffered by the Class Members constitutes a substantial annoyance or interference with their use and enjoyment of their properties; and

    h) The proper measure of damages incurred by the Class Members.

**D. Typicality**

37. The claims of the named Plaintiff are typical of the claims of all members of the Class. If brought and prosecuted individually, the claims of each Class Member would require proof of many of the same material and substantive facts, utilize the same complex evidence (e.g. expert testimony), rely upon the same legal theories, and seek the same type of relief.

38. The claims of the named Plaintiff and the other Class Members have a common cause and their damages are of the same type. The claims originate from the same failures of the Defendant to properly maintain and operate the Facility.

39. All Class Members have suffered injury in fact as a result of the invasion of their properties by noxious odors emitted by the Defendant's Facility. The noxious odors interfere with their ability to use and enjoy their homes and have diminished their property values.

### E. Adequacy of Representation

40. The Plaintiff's claims are sufficiently aligned with the interests of the absent Class Members to ensure that the Class' claims will be prosecuted with diligence and care by the Plaintiff as representative of the Class. The Plaintiff will fairly and adequately represent the interests of the Class and he does not have interests adverse to the Class.

41. The Plaintiff has retained the services of counsel who are experienced in complex class action litigation, and in particular class actions involving the emission of noxious odors from commercial facilities. Plaintiff's counsel will vigorously prosecute this action, and will otherwise protect and fairly and adequately represent the Plaintiff and all absent Class Members.

### F. Class Treatment Is The Superior Method of Adjudication

42. A class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint because:

   a) Individual claims by the Class Members would be impracticable as the costs of pursuit would far exceed what any one Class Member has at stake;

   b) Individual claims by Class Members would create a risk of inconsistent or varying adjudications, which would present the Defendant with incompatible standards of conduct;

   c) Individual claims by individual Class Members would create a risk of adjudications which would, as a practical matter, be dispositive of the interests

       of other individuals who are not parties to the adjudications, or substantially impair or impede their ability to protect and pursue their interests;

    d) Little or no individual litigation has been commenced over the controversies alleged in this Complaint and individual Class Members are unlikely to have an interest in separately prosecuting and controlling individual actions;

    e) In view of the complexity of the issues and the expenses of litigation, the separate claims of individual Class Members are likely insufficient in amount to support the costs of filing and litigating separate actions;

    f) The Plaintiff seeks equitable relief relating to the Defendant's common actions and failures to act, and the equitable relief sought would commonly benefit the Class as a whole;

    g) Litigating these claims in one action will achieve efficiency and promote judicial economy; and

    h) The proposed class action is manageable.

43. Notice can be provided to Class Members by U.S. Mail and/or publication.

## CAUSE OF ACTION I
## PRIVATE NUISANCE

44. The Plaintiff restates all allegations of this Complaint as if fully restated herein.

45. The Defendant owed, and continues to owe, a duty to the Plaintiff and to the Class to prevent and abate the unreasonable interference with, and the invasion of, their private property interests.

46. The noxious odors which entered the Plaintiff's and Class' properties originated from the Facility, which was improperly and unreasonably constructed, maintained, and/or operated by the Defendant.

47. The noxious odors invading the Plaintiff's and Class' properties are indecent and offensive to people with ordinary health and sensibilities, and they obstruct the free use of their

properties so as to substantially and unreasonably interfere with the enjoyment of life and property. This includes but is not limited to:

    a) Forcing the Plaintiff and Class Members to remain inside their homes and forego the use of their yards, porches, and other spaces, and to generally refrain from outdoor activities;

    b) Causing the Plaintiff and Class Members to keep their doors and windows closed when they would otherwise have them open;

    c) Depriving the Plaintiff and Class Members of the value of their homes and properties; and

    d) Causing the Plaintiff and Class Members embarrassment, inconvenience, and discomfort including, but not limited to, creating a reluctance to invite guests to their homes and preventing the Plaintiff and Class Members from utilizing the outdoor areas of their respective properties.

48. The Plaintiff's and Class' properties are situated in such proximity to the Defendant's Facility as to constitute "neighboring" properties, in that they are near enough to be impacted by the tangible effects of noxious odors emitted from the Facility.

49. By constructing and then failing to reasonably repair, maintain, and operate the Facility, thereby causing noxious odors to physically invade the Plaintiff's and Class' properties, the Defendant intentionally, knowingly, recklessly, and/or negligently created a nuisance that substantially and unreasonably interferes with the Plaintiff's and Class' properties.

50. As a foreseeable, direct, and proximate result of the forgoing misconduct of the Defendant, the Plaintiff and the Class suffered damages to their properties as alleged herein.

51. The Plaintiff and Class Members did not consent to the invasion of their properties by the Defendant's noxious odors, which is ongoing and which constitutes a nuisance.

52. Any social utility that is provided by the Facility is patently outweighed by the harm suffered by the Plaintiff and the Class, who have on frequent occasions been deprived of the full

use and enjoyment of their properties and have endured substantial loss in the use and value of their properties.

53. The Defendant's substantial and unreasonable interference with the Plaintiff's and Class' use and enjoyment of their properties constitutes a private nuisance. The Defendant is liable for all damages arising from such nuisance, including compensatory, injunctive, exemplary, and/or punitive relief.

## CAUSE OF ACTION II
## PUBLIC NUISANCE

54. The Plaintiff restates all allegations of this Complaint as if fully restated herein.

55. The Plaintiff and Class utilize their properties as residences and reside within the Class Area.

56. The noxious odors which entered the Plaintiff's and Class' properties originated from the Facility, which is in close proximity to the Class Area.

57. The unreasonable noxious odors emitted by the Defendant's Facility have been, and continue to be, dispersed across public and private land throughout the Class Area.

58. The Defendant's noxious odors have interfered with the public's right to unpolluted and uncontaminated air.

59. By failing to reasonably design, operate, repair, and maintain the Facility, the Defendant has caused an invasion of the Plaintiff's and Class' properties by noxious odors on frequent occasions that are too numerous to individually list herein.

60. The noxious odors invading the Plaintiff's and Class' properties are indecent and offensive to people with ordinary health and sensibilities. They obstruct the free use of the Plaintiff's and Class' properties so as to substantially and unreasonably interfere with the enjoyment of life and property. This includes, but is not limited to:

    a) Forcing the Plaintiff and Class Members to remain inside their homes and forego the use of their yards, porches, and other spaces, and to generally refrain from outdoor activities;

    b) Causing the Plaintiff and Class Members to keep their doors and windows closed when they would otherwise have them open;

    c) Depriving the Plaintiff and Class Members of the value of their homes and properties; and

    d) Causing the Plaintiff and Class Members embarrassment, inconvenience, and reluctance to invite guests to their homes.

61. As a foreseeable, direct, and proximate result of the forgoing misconduct by the Defendant, the Plaintiff and the Class have suffered special damages to their properties as alleged herein.

62. The damages suffered by the Plaintiff and Class are uniquely injurious to those parties because they suffer harm relating to the use and enjoyment of their lands and properties, and decreased property values, which are not harms suffered by the general public.

63. The general public is also impacted by the Facility's odors. Many members of the general public are impacted by the odors when they work, study, commute, shop, or engage in recreation in the Class Area, but they suffer no harm to the use and enjoyment of their land or property, or decreased property values.

64. The repeated, substantial, and unreasonable interferences with public and private rights has been documented by the IDEM, and the Facility's emission of noxious odors is contrary to Indiana environmental laws and regulations.

65. The Plaintiff and Class Members did not consent to the invasion of their properties by the Defendant's noxious odors, which is ongoing and which constitutes a nuisance.

66. By failing to reasonably operate, repair, and/or maintain the Facility so as to abate nuisances such as noxious odor emissions, the Defendant has acted, and continues to act,

intentionally, knowingly, recklessly, and/or negligently, and with conscious disregard for public health, safety, peace, comfort, and convenience.

67.  The Plaintiff and Class suffered, and continue to suffer, harms and damages that are of a different kind and in addition to those suffered by the public at large.

68.  Any social utility that is provided by the Facility is patently outweighed by the harm suffered by the Plaintiff and the Class, who have on frequent occasions been deprived of the full use and enjoyment of their properties and have endured substantial loss in the use and value of their properties.

69.  The Defendant's substantial and unreasonable interference with the Plaintiff's and Class' use and enjoyment of their properties arises from a public nuisance, from which the Plaintiff and Class Members have uniquely suffered. The Defendant is liable to the Plaintiff and Class Members for all damages arising from such nuisance, including compensatory, injunctive, exemplary, and/or punitive relief.

### CAUSE OF ACTION III
### NEGLIGENCE

70.  The Plaintiff restates the allegations of this Complaint as if fully restated herein.

71.  The Defendant owed, and continues to owe, a duty to the Plaintiff and to the Class to operate and maintain the Facility in a reasonable manner and to reasonably prevent fugitive emissions of noxious odors from the Facility.

72.  The Defendant breached its duties by negligently and improperly maintaining and operating the Facility, which was the direct and proximate cause of the invasion by noxious odors upon the Plaintiff's and Class' homes, lands, and properties on occasions too numerous to list individually.

73. Such invasions by noxious odors was the foreseeable result of the foregoing conduct of the Defendant, and the Plaintiff and Class suffered damages to their properties as alleged herein. Such damages include, but are not limited to, the loss of use and enjoyment of their properties and the diminution of property values.

74. By failing to properly maintain and operate the Facility, the Defendant failed to exercise the duty of ordinary care and diligence.

75. The Defendant knowingly, recklessly, and with a conscious disregard for the rights of the Plaintiff and Class allowed conditions to exist and perpetuate which caused noxious odors to physically invade the Plaintiff's and Class' properties.

76. The Defendant's negligence caused harm to the Plaintiff's and Class' properties, which entitles the Plaintiff and Class to an award for compensatory, injunctive, exemplary, and/or punitive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, individually and on behalf of the proposed Class, pray for judgment as follows:

A. Certification of the proposed Class by order pursuant to Indiana Trial Rule 23;

B. Designation of the Plaintiff as representative of the proposed Class and designation of his counsel as Class Counsel;

C. Judgment in favor of the Plaintiff and the Class Members as against the Defendant;

D. An award to the Plaintiff and the Class Members for compensatory and punitive damages, including pre- and post-judgement interest;

E. An award of attorneys' fees and costs, including pre- and post-judgement interest;

F. An Order holding that the entrance of the aforementioned noxious odors upon the Plaintiff's and Class' properties constituted a nuisance;

G. An Order holding that the Defendant was negligent in causing noxious odors to repeatedly invade and interfere with the Plaintiff's and Class' private residential properties;

H. An award to the Plaintiff and the Class Members for injunctive relief not inconsistent with the Defendant's state and federal regulatory obligations; and

I. Such further relief, both general and specific, that this Honorable Court deems just and proper.

Date: 6/14/2021                                           Respectfully submitted:


/s/ Marshall P. Whalley
Marshall P. Whalley
Kara Bekelya
MARSHALL P. WHALLEY & ASSOCIATES, PC
51 W 112th Avenue
Crowe Point, IN  46307
T: (219) 769-2900
F: (219) 769-2995
staff@marshallslaw.com
kara@marshallslaw.com
marshall@marshallslaw.com
*Attorneys for the Plaintiff*


Steven D. Liddle*
Laura L. Sheets*
Lance Spitzig*
*Pro Hac Vice Applications to be Submitted*
**LIDDLE & DUBIN PC**
975 E. Jefferson Avenue
Detroit, MI  48207-3101
T: (313) 392-0015
F: (313) 392-0025
E: sliddle@ldclassaction.com
E: lsheets@ldclassaction.com
E: lspitzig@ldclassaction.com

*Attorneys for Plaintiff & the Putative Class*

## JURY DEMAND

Comes now the Plaintiff, James Brown, by counsel, and respectfully demands a trial by jury pursuant to Indiana Trial Rule 38.

Date: 6/14/2021

Respectfully submitted:

/s/ Marshall P. Whalley
Marshall P. Whalley
Kara Bekelya
MARSHALL P. WHALLEY & ASSOCIATES, PC
51 W 112th Avenue
Crowe Point, IN 46307
T: (219) 769-2900
F: (219) 769-2995
staff@marshallslaw.com
kara@marshallslaw.com
marshall@marshallslaw.com
*Attorneys for the Plaintiff*