UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES BROWN, on behalf of himself and all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WELLPET LLC., )<br>)<br>)<br>Defendants. ) | Cause No. 3:21-CV-00576-HAB-SLC |

**OPINION AND ORDER ADOPTING THE MAGISTRATE
JUDGE'S FINDINGS AND REPORT AND RECOMMENDATION**

Plaintiff, James Brown (Brown), filed this putative class action alleging claims of private nuisance, public nuisance, and negligence against Defendant, Wellpet, LLC., a pet food manufacturer operating in Mishawaka, Indiana. Brown contends that his residential home, located a mile from Wellpet's manufacturing facility, is repeatedly and continuously invaded by noxious odors emitted from the facility. These emissions, he alleges, interfere with his use and enjoyment of his property and cause diminished property values for homeowners. He seeks compensatory damages and injunctive relief to abate the emissions.

After conducting bifurcated discovery, Brown moved for class certification (ECF No. 26) supported by both a memorandum and a preliminary expert report from Mark P. Cal, Ph.D, P.E.., BCEE ("Cal"). (ECF Nos. 27, 27-5). Wellpet opposed the request for class certification, rebutted by its own retained expert report from Tony Schroeder, CCM, QEP, CM ("Schroeder"). (ECF Nos. 32, 32-4). Wellpet moved to exclude Cal's opinion and testimony pursuant to Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharms, Inc.,* 509 U.S. 579 (1993). (ECF Nos. 30, 31). Brown, in turn, responded in opposition to the motion to strike and attached a supporting declaration from

Cal. (ECF No. 35, 35-4). Wellpet moved to strike that too (ECF No. 38). Brown, in turn, moved to strike Schroeder's opinions and testimony. (ECF No. 40, 41).

On November 22, 2022, the undersigned referred this flurry of motions to the Magistrate Judge to issue a Report and Recommendation (R & R). On March 31, 2023, the Magistrate Judge entered her R & R (ECF No. 47), recommending the following disposition of the pending motions: (1) Wellpet's Motion to Amend its Response should be GRANTED; (2) Wellpet's motion to strike should be GRANTED in part and DENIED in part; (3) the parties' respective motions to exclude experts should be DENIED; and (4) Brown's Motion for Class Certification should be DENIED without prejudice. The parties were advised of the 14-day objection period under Fed. R. Civ. P. 72(b). That deadline has passed without any objections filed by the parties.

## DISCUSSION

A district court may assign dispositive[1] matters to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any findings of fact. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). *See also Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to "accept, reject, or modify" the findings and recommendations, and the district court need not accept any portion as binding. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). *See also Schur*, 577 F.3d at 760-61.

---

[1] Whether a matter is dispositive or non-dispositive is determined by reference to 28 U.S.C. § 636(b)(1)(A), which gives magistrate judges the power "to hear and determine any pretrial matter" with certain exceptions. *See Adkins v. Mid-Am. Growers, Inc.*, 143 F.R.D. 171, 176 (N.D. Ill. 1992) ("'Dispositive' is merely a term used to describe the motions listed in subsection 636(b)(1)(A) ...."). Those motions excepted from § 636(b)(1)(A) are deemed dispositive under Rule 72(b). *Id.* The statute specifically enumerates eight exceptions, including motions to dismiss or to permit maintenance of a class action. 28 U.S.C. § 636(b)(1)(A). Thus, the present motion to certify class is deemed dispositive.

After a magistrate judge makes a report and recommendation, either party may object within fourteen days of being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). When a party raises specific objections to findings and recommendations made within the magistrate judge's report, the district court is required to review those objections *de novo*, determining for itself whether the magistrate judge's decisions as to those issues are supported by substantial evidence or were the result of an error of law. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The court may, however, defer to those conclusions to which timely objections have not been raised by a party. *Schur*, 577 F.3d at 760-61. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson*, 170 F.3d at 739.

As recounted above, the parties have not objected to the recommended disposition of the pending motions and, for good reason. The Magistrate Judge issued a thorough and erudite 58-page decision resolving the parties' motions. The court has reviewed the record in this case and finds that the R & R is not clearly erroneous. Accordingly, the Court adopts in its entirety Magistrate Judge Collins' recommended dispositions of the motions.

## CONCLUSION

The Report and Recommendation (ECF No. 47) is ADOPTED IN ITS ENTIRETY with the following dispositions of the pending motions:

a. Defendant's Unopposed Motion to Amend/Correct Response to Motion (ECF No. 33) is GRANTED;

b. Defendant's Motion to Strike Improper Supplemental Expert Report of Mark Cal (ECF No. 38) is GRANTED as to the impermissible legal conclusions reached in the second sentence of paragraph 9, the first portion of paragraph 10, the last sentence of paragraph 24, and the last portion of paragraph 35; the motion is otherwise DENIED;

c. Defendant's Motion to Exclude Plaintiff's Expert, Dr. Mark P. Cal (ECF No. 30) is DENIED;

d. Plaintiff's Motion to Exclude Defendant's Expert, Tony Schroeder (ECF No. 40) is DENIED; and

e. Plaintiff's Motion for Class Certification (ECF No. 26) is DENIED WITHOUT PREJUDICE.

SO ORDERED on April 20, 2023.

                                        s/ Holly A. Brady
                                        JUDGE HOLLY A. BRADY
                                        UNITED STATES DISTRICT COURT