UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES BROWN, on behalf of himself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) CASE NO. 3:21-cv-576-HAB-SLC<br>) |
| v | )<br>) |
| WELLPET LLC, | )<br>) |
| Defendant | ) |

**UPDATED PROPOSED SCHEDULING PLAN AND
REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed. R. Civ. P. 26(f), the Parties have conferred via telephone and electronic mail and agreed to this report on May 22, 2023. Laura L. Sheets participated for Plaintiff James Brown; Michael S. Bergerson Jr. and Sarah E. Brown participated for Defendant Wellness Pet LLC (sued as WellPet LLC).

**1.    Procedural History**

Plaintiff James Brown filed his case on behalf of himself and a proposed class on June 14, 2021. (ECF 7). Wellness Pet timely removed the action to this Court on August 5, 2021. (ECF 1). Wellness Pet soon after filed its *Answer and Additional Defenses* on September 7, 2021. (ECF 8). The parties then participated in ten-months of extensive class discovery, leading to Plaintiff's August 31, 2022 motion to certify a class. (ECF 26). On March 31, 2023, Magistrate Judge Susan L. Collins submitted a report and recommendation finding Plaintiff's motion for class certification should be denied. (ECF 47). Neither party submitted objections to the report and recommendation. On April 20, 2023, Judge Holly A. Brady adopted the report and recommendation in its entirety. (ECF 48).

**2.** **Jurisdiction**

The Court has jurisdiction under the *Class Action Fairness Act of 2005*, 28 U.S.C. § 1332(d). Minimal diversity exists between the parties because Mr. Brown is a citizen of Indiana (his place of domicile), whereas Wellness Pet is a citizen of Delaware (place of incorporation) and Massachusetts (location of its "nerve center"). Further, the putative class consists of more than 100 members and the amount in controversy exceeds $5,000,000.

**3.** **Amendment of Complaint**

- *Plaintiff's Position*

Plaintiff requests 90 days from the May 24, 2023 scheduling conference to amend the complaint to omit the class allegations and include individually named plaintiffs. Defendant would then have 21 days to respond to the Amended Complaint pursuant to Fed. R. Civ. P. 12(a)(1).

- *Defendant's Position*

Wellness Pet requests that Plaintiff be required to seek and obtain leave of court to amend his complaint pursuant to Fed. R. Civ. P. 15(a)(2). In addition, Wellness Pet objects to Plaintiff's proposed 90-day deadline as excessive given the advanced stage of this case, among other reasons. Therefore, Wellness Pet proposes a 30-day deadline (June 23, 2023) to allow Plaintiff to file a motion seeking leave to amend along with the proposed amendment. Wellness Pet retains the right to object to Plaintiff's motion for leave to amend upon review of the proposed Amended Complaint.

**4.** **Discovery Plan**

- *Plaintiff's Position*

Plaintiff proposes that, at the conclusion of any motion practice necessitated by Defendant's response to the Amended Complaint, merits discovery will commence. For the merits

stage of the case, the parties will focus discovery on the issues of damages and liability. Plaintiff proposes the following merits discovery plan:

| Action or Event | Date |
|---|---|
| Close of Fact Discovery on Merits | 180 days after Answer or disposition of Responsive Motion to Amended Complaint |
| Plaintiff's deadline for expert designations and disclosures regarding trial experts | 30 days after the close of discovery |
| Depositions of Plaintiff's expert(s) regarding merits issues | Not later than 60 days after Plaintiff's expert designations and disclosures |
| Defendant's deadline for expert designations and disclosures regarding merits issued | 60 days after depositions of Plaintiff's experts |
| Depositions of Defendant's experts regarding merits issues | 60 days after Defendant's expert designations and disclosures |
| Close of expert discovery | 30 days after depositions of Defendant's experts |
| Dispositive motions served | 60 days after the close of expert discovery |
| Final pretrial conference | TBD |
| Trial | TBD |

- *Defendant's Position*

Plaintiff plans to seek leave to amend his complaint, strike class allegations, and add other individual plaintiffs. Because the nature of that amendment and scope of this litigation are currently unknown, Wellness Pet proposes that the parties should defer any specific discovery deadlines until the resolution of Plaintiff's motion to amend and any related responsive pleadings. At that time, the parties can submit a proposed scheduling order for the Court's review.

5.  **Alternative Dispute Resolution**

The parties will continue to confer regarding the benefits of ADR and will inform the Court if the prospect of resolving the case through ADR should change.

Date: May 22, 2023

<table>
<tr><td>

   /s/ Laura L. Sheets
Counsel for Plaintiff

Marshall P. Whalley
**MARSHALL P. WHALLEY & ASSOCIATES, PC**
51 W 112th Avenue
Crowe Point, IN 46307
T: (219) 769-2900
E: marshall@marshallslaw.com

Steven D. Liddle*
Laura L. Sheets*
*Admitted Pro Hac Vice*
**LIDDLE SHEETS COULSON PC**
975 E. Jefferson Avenue
Detroit, MI 48207-3101
T: (313) 392-0015
E: sliddle@ldclassaction.com
E: lsheets@ldclassaction.com

</td><td>

   /s/ Sarah E. Brown
Counsel for Defendant

John R. Maley
**BARNES & THORNBURG LLP**
11 South Meridian Street
Indianapolis, IN 46204
T: (317) 231-7464
E: john.maley@btlaw.com

Michael S. Bergerson Jr.
Sarah E. Brown
**BARNES & THORNBURG LLP**
201 S. Main Street
Suite 400
South Bend, IN 46601
T: (574) 233-1171
E: mbergerson@btlaw.com
E: sarah.brown@btlaw.com

Charles M. Denton
**BARNES & THORNBURG LLP**
171 Monroe Avenue N.W.
Suite 1000
Grand Rapids, MI 55402
T: (616) 742-3974
E: cdenton@btlaw.com

</td></tr>
</table>

## CERTIFICATE OF SERVICE

The foregoing was electronically filed on May 22, 2023 with the Clerk of Court using the CM/ECF system with service performed on all counsel of record through the CM/ECF.

                                              */s/ Sarah E. Brown*
                                              Sarah E. Brown